Arnold D. Larson, Esq., State Bar No. 77118
Melissa A. Immel, Esq., State Bar No. 137082
Darren M. Ballas, Esq., State Bar No. 198584
**IVERSON, YOAKUM, PAPIANO & HATCH**
624 South Grand Avenue, 27th Floor
Los Angeles, California 90017
(213) 624-7444 - (213) 629-4563 (Fax)

Attorneys for Defendant **BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC (formerly known as BRIDGESTONE/FIRESTONE, INC.)**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE CONTRERAS, individually and as Guardian ad Litem for YVONNE CONTRERAS and ALEXANDER CONTRERAS, minors, and as Successors in Interest of ARTEMIO CONTRERAS, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE/FIRESTONE, INC.; SEARS ROEBUCK and CO.; and DOES 1 through 200, inclusive,<br><br>Defendants. | CASE NO. 1:04-cv-05423 REC SMS<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL, COMMERCIAL AND PROPRIETARY DOCUMENTS AND INFORMATION PRODUCED BY BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, (Formerly Known As BRIDGESTONE/FIRESTONE, INC.)** |

Plaintiffs MARIA GUADALUPE CONTRERAS, individually and as Guardian ad Litem for YVONNE CONTRERAS and ALEXANDER CONTRERAS, minors, and as Successors in Interest of ARTEMIO CONTRERAS, deceased ("Plaintiffs"), and Defendants BRIDGESTONE/ FIRESTONE NORTH AMERICAN TIRE, LLC, (formally known as

BRIDGESTONE/FIRESTONE, INC.) (hereinafter "FIRESTONE"), FORD MOTOR COMPANY, being all of the parties to this action, by and through their respective attorneys of record, have reviewed and agreed to the terms of the following Protective Order regarding the production of documents and information of a confidential, commercial, and proprietary nature by Defendant FIRESTONE in this matter. All parties agree that this stipulation can be signed in counter-parts.

Dated:  June 27, 2005          PEREZ, WILLIAM & MEDINA


                               By:  /s/ Robert Williams
                                    Robert Williams, Esq.
                               Attorneys for Plaintiffs MARIA GUADALUPE
                               CONTRERAS, individually and as
                               Guardian *ad Litem* for YVONNE CONTRERAS
                               and ALEXANDER CONTRERAS, minors, and as
                               Successors-in-Interest of ARTEMIO
                                CONTRERAS

Dated:  June 13, 2005          BARNHART, EKKER and McNALLY LLP


                               BY:  /s/ Michael J. McNally
                                    Woodson Randolph Barnhart, Esq.
                                    Michael J. McNally, Esq.
                               Attorneys for Plaintiffs MARIA GUADALUPE
                               CONTRERAS, individually and as Guardian *ad Litem*
                               for YVONNE CONTRERAS and ALEXANDER
                               CONTRERAS, minors, and as Successors-in-Interest
                               of ARTEMIO CONTRERAS

Dated:  June 14, 2005          BOWMAN and BROOKE LLP


                               BY:    /s/  Vadim R. Alden-Alaverdov
                                      Janice K. O'Grady, Esq.
                                      Linda K. Adler, Esq.
                                      Vadim R. Alden-Alaverdov, Esq.
                               Attorneys for Defendant FORD MOTOR COMPANY

IVERSON, YOAKUM,
PAPIANO & HATCH

**STIPULATION & PROTECTIVE ORDER RE CONFIDENTIAL, COMMERCIAL & PROP. DOCS.**

1

2  Dated:   June 14, 2005         SNELL & WILMER LLP

3                                 BY:   /s/ Amy Leinen
                                        Robert J. Gibson, Esq.
4                                       Daniel S. Rodman, Esq.
                                        Amy Leinen, Esq.
5                                       Laurie S. Gormican, Esq.
                                  Attorneys for Defendant FORD MOTOR COMPANY
6

7  Dated:   June 22, 2005         IVERSON, YOAKUM, PAPIANO & HATCH

8

9                                 BY:   /s/ Melissa A. Immel
                                        Melissa A. Immel, Esq.
10                                Attorneys for Defendant BRIDGESTONE/
                                  FIRESTONE NORTH AMERICAN TIRE, LLC,
11                                (formerly known as BRIDGESTONE/FIRESTONE, INC.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

It appearing to the Court that all counsel of record for the parties to this action have seen and agreed to the terms of a protective order regarding the production of documents of a confidential, commercial, and proprietary nature, in order to preserve and maintain the confidentiality of certain documents to be produced in this litigation by Defendant BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, (formally known as BRIDGESTONE/FIRESTONE, INC.) (hereinafter "FIRESTONE"), **THE COURT HEREBY ORDERS** as follows:

1.     **Terms**

(a)     "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, or commercial information, sensitive or proprietary business or financial information, personal information, or information furnished to the party producing the information in confidence by a third party.  Confidential information does note include information that has been disclosed in the public domain.

(b)     "Protectible Documents" means writings and recordings as defined by Federal Rules of Evidence, Rule 1001 and deposition testimony, to be produced by FIRESTONE that contain Confidential Information.

(c)     "Confidential Material" means any document(s) designated pursuant to section 2(a) or (b) of this Order and any Confidential Information contained therein and the information derived from such Protectible Documents, including any copies, abstracts, summaries, compilations, or other such record derived from such Protectible Documents, and any new or other record concerning the components of such Protectible Documents.

(d)     "Trial Preparation Material" means documents and materials such as pleading, court papers and briefs, exhibits, depositions, interrogatories and the like and summaries thereof or notes pertaining therein.

**2.   Designations**

(a)   A document (or portion of a document) that a party determines in good faith to be a Protectible Document may be designated as confidential by (1) stamping the word "CONFIDENTIAL" on the document, (2) otherwise indicating the portion that is confidential, (3) employing other means provided for this Order, or (4) using any other reasonable method agreed to by the parties.

(b)   A party may, on the record of a deposition or by written notice to opposing counsel not later than seventy-two (72) hours after receipt of the deposition transcript, designate any portion(s) of the deposition as "CONFIDENTIAL" based on a good faith determination that any portions so designated constitute a Protectible Document. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL." Until expiration of the above seventy-two (72) hour period, all deposition transcripts and information therein will be deemed "Confidential Material."

(c)   By designating a document Confidential Material pursuant to section 2(a) or (b), a party represents that it has made a bond fide, good faith determination that the document does, in fact, contain Confidential Information.

(d)   No party concedes that any documents designated by another party as Confidential Material are in fact Protectible Documents.

**3.   Challenge to Designation**

(a)   Any party may challenge a designation made under section 2(a) by written notice of its objection to counsel for the designating party or non-party, stating the basis for such a challenge. Challenge to a designation made under section 2(b) may be made either upon the record of the deposition or as provided in the preceding sentence.

(b)   In the event a designation is challenged, the challenging and designating parties shall attempt to resolve any challenges in good faith on an

expedited and informal basis. If the challenge cannot be expeditiously and informally resolved within ten (10) days, the party requesting confidential treatment will move for an appropriate ruling from the Court. The material shall continue to be treated as Confidential Material until the expiration of ten (10) days if no motion is made by the party requesting confidential treatment, or, if a motion is made, until the Court rules. With any such motion, the movant shall have the burden of making the requisite showing that the materials are entitled to confidential treatment.

        (c)    A party shall not be obligated to challenge the propriety of the designation of documents as Confidential Materials at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

**4.**    **Use of Confidential Material Limited**

Confidential -Material and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such materials shall be treated as confidential and used (1) by counsel in the above captioned litigation solely for the litigation of the above captioned case. Persons having access to the Confidential Materials shall not disclose or provide Confidential Materials to any person not authorized under this Protective Order. No Confidential Material may be made available to, or in any manner revealed to or discussed with any other person or entity, except: (1) solely in accordance with the procedures set forth in this Protective Order; or (2) upon the written permission of the producing party.

**5.**    **Not Applicable to Trial**

This Order does not apply to the offer of or admission into evidence of Protectible Documents or Confidential Material of their contents at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal

/ / /

Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

**6.      Filing Under Seal**

Any briefs, transcripts, exhibits, depositions, or documents which are filed or lodged with the Court which comprise, embody, summarize, discuss, or quote from Confidential Material shall be sealed, unless the parties otherwise agree or the Court otherwise orders. No motion or other request to file or lodge Confidential Material under seal shall be required of the filing or lodging party. Such Confidential Material shall be filed or lodged in sealed envelopes or other appropriately sealed containers. Each sealed envelope or container shall be endorsed with the title and case number of the action and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court and contains Confidential Material filed in this action by [name of producing party], and is not to be opened or the contents thereof displayed or revealed except by the Court or upon order of the Court.

In the event that a non-producing party seeks to use Confidential Material at trial, or as a basis for adjudication of matters other than discovery motions or Proceeding, the non-producing party shall notify the producing party in the individual action, in writing no later than thirty (30) days prior to the date of the pretrial conference (or prior to moving for adjudication of the particular matters) so as to allow the producing party to obtain permission from the Court to have the Confidential Material filed under seal and shall cooperate with the producing party's efforts to seek such relief on shortened notice, including ex parte notice. At the same time the non-producing party provides said notice, the non-producing party shall provide to the producing party a list of Bates stamp numbers (where applicable) of the Confidential Material sought to be, used by that party, and

where the Confidential Material sought to be used cannot be identified by Bates stamp numbers, provide copies of the Confidential Material sought to be used.

**7.     Permitted Disclosures**

Confidential Material may be shown, disseminated, or disclosed only to the following persons:

(a)     all attorneys of record for the parties in the above captioned litigation, including members of their respective law firms, and any other attorney associated to assist in the preparation of the above captioned case for trial;

(b)     all employees of parties' counsel assisting in the preparation of the above captioned case for trial;

(c)     experts and consultants retained by the parties for the preparation or trial of the above captioned case;

(d)     translators retained by the parties for the preparation or trial of the above captioned case;

(e)     the Court, its staff, witnesses, and the jury in the above captioned case;

(f)     employees of BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, (formally known as BRIDGESTONE/FIRESTONE, INC.), FORD MOTOR COMPANY;

(g)     persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing said persons to testify; provided, however, that in all such cases the person to whom disclosure is made must signify assent to the terms of this Protective Order by executing the acknowledgement attached as Appendix A, indicating that he or she has read and understood this Protective Order and has agreed to be bound by its terms.

**8.     Agreement by Disclosures**

Before being given access to Confidential Material, each person described in paragraphs 7(a), (b), (c); (d), (f), or (g) shall be advised of the terms of this

Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court by executing the acknowledgement attached as Appendix A, indicating that he or she has read and understood this Protective Order and has agreed to be bound by its terms. If a deponent or the attorney for a deponent refuses to execute the acknowledgement attached as Appendix A, he or she shall be requested on the deposition record to agree to the terms of the Protective Order. Every deposition witness whose appearance at deposition is obtained pursuant to the process of this Court and to whom Confidential Material is disclosed at deposition is hereby ordered (1) to maintain all Confidential Material in confidence, and (2) not to disclose Confidential Material to anyone other than in accordance with the terms of this Protective Order.

### 9.  Production Not a Waiver

The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

### 10.  Authentication

Documents ostensibly prepared by Firestone personnel and produced by Firestone subject to this Order will be deemed authentic for purposes of discovery and trial, each party retaining the right to object to admissibility.

### 11.  Inadvertent Disclosure

The inadvertent, unintentional, or in camera disclosure of confidential information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If a claim of inadvertent production is made pursuant to this paragraph the non-producing party shall promptly return the Protectible Material to the producing party and make no use of the Protectible Material for any purpose.

### 12. Return or Destruction of Confidential Materials

Counsel of record for each party, upon final disposition (which shall mean for purpose of this Order the exhaustion of all case related appeals) of the above captioned litigation, shall ensure that any person described in paragraphs 7(a), (b), (c), (d), (f), or (g) who has received copies of Confidential Materials from or through such counsel of record destroys such Confidential Materials and confirms in writing to counsel for the producing party that the Confidential Materials have been destroyed or returns such Confidential Materials to counsel of record for the producing party.

### 13. Public Health and Safety

Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Confidential Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

### 14. Final Disposition

Upon final disposition of this action, all Confidential Materials (other than Trial Preparation Materials of the receiving party, any pleadings filed with the Court, or any other material protected by a privilege, such as the work-product or attorney-client privilege) shall be returned to the producing party's counsel of record or disposed of in some other manner agreed to by the partiers. Confidential Material retained by the receiving party pursuant to this Section shall retain the status of Confidential Material despite termination of this action, and shall be treated in accordance with the terms of this Protective Order. Counsel of record for the receiving party shall provide a written declaration that all Confidential Material has been returned or disposed of in accordance with this provision, and said declaration shall include as attachments a copy of all executed Appendix A acknowledgments referenced in paragraph 8, above.

### 15. Court Procedures

Any court hearing which refers to or describes "Confidential" information shall in the Court's discretion be in camera. A party must request such an in camera hearing.

### 16. Amendment

This Protective Order may be amended by agreement of counsel of record for the parties in the form of a written stipulation filed with the Court and subject to Court's approval

### 17. No Waiver Due to Review

Review of Confidential Materials by counsel of record, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

### 18. Penalties for Breach

This Protective Order shall be strictly enforced by the Court, and any violation is punishable by the Court's contempt power, including monetary sanctions. The District Court shall retain jurisdiction at the conclusion of its proceedings for the purpose of enforcing this agreement between the parties.

So ordered this __8__ day of __July, 2005__

　　　　　　/s/ Sandra M. Snyder
　　　MAGISTRATE JUDGE SANDRA SNYDER
　　　United States District Court – Eastern District of California

# ATTACHMENT A
# WRITTEN ASSURANCE

STATE OF _____

COUNTY OF _____

   I, _____, hereby attest to my understanding that the information or documents designated Confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order dated _____, in Maria Guadalupe Contreras, et al. v. Bridgestone/Firestone, Inc., et al., Case No.: F-04-5423 REC SMS, in the U.S. District Court for Eastern District of California; that I have been given a copy of and have read that Protective Order and have had its meaning and effect explained to me by the designated attorney receiving the documents; and that I hereby agree to be bound by it and its terms.  I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used for the purposes of this litigation.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure.  Further, I agree to subject myself to the jurisdiction of the United States District Court, Eastern District California,

1
2  in and for any contempt proceedings or other appropriate sanctions as the Court
3  may deem proper for a violation of the Court's Protective Order.
4          I declare under penalty of perjury under the laws of the State of California
5  that the foregoing is true and correct.
6
7  Dated: _____        Signed:_____
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28