IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE CONTRERAS, individually and as Guardian ad Litem for YVONNE CONTRERAS and ALEXANDER CONTRERAS, minors, and as Successors in Interest of ARTEMIO CONTRERAS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE/FIRESTONE, INC.; SEARS ROEBUCK and CO.; et al.,<br><br>Defendants. | 1:04-cv-05423-OWW-SMS<br><br>**ORDER RE: PLAINTIFFS' MOTION TO REOPEN DISCOVERY, OR ALTERNATIVELY RENEWED MOTION TO COMPEL DISCOVERY**<br>(Doc. 76) |

Plaintiffs' motion to reopen discovery, or alternatively renewed motion to compel discovery came on regularly for hearing on October 6, 2006, in Courtroom No. 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.  W. Randolph Barnhart, Esq., of Barnhart, Ekker & McNally, LLP, and Robert Gray Williams, Esq., of Perez, Williams & Medina appeared on behalf of Plaintiffs. Arnold D. Larson, Esq., and Melissa A. Immel, Esq., of Iverson, Yoakum, Papiano & Hatch appeared on behalf of Defendant, Bridgestone Firestone North American Tire, LLC.  Vadim R. Alden-

1

Alaverdov, Esq., of Bowman and Brooke, LLP, appeared telephonically on behalf of Defendant, Ford Motor Company. After argument, the matter was submitted to the Court.

I.  <u>Background</u>

Plaintiff filed her first motion to compel discovery from Defendant, Bridgestone/Firestone North American Tire, LLC, on August 24, 2005, which motion sought an order from the court compelling substantially the same documents sought by the herein motion. Set to be heard on October 7, 2005, the motion was withdrawn by Plaintiff on October 3, 2005. Thereafter, a similar motion to compel was filed by Plaintiff on November 16, 2005, setting hearing for December 16, 2005. The Court continued the hearing on the motion on December 15, 2005, due to an incomplete and partially late joint statement re: discovery dispute, in violation of Local Rule 37-251 as well as a failure to file courtesy copies of certain documents in violation of Local Rule 5-133(f). The new date for hearing was set for January 13, 2006. Once again, the hearing was continued to January 27, 2006, due to the unavailability of the Court. The motion ultimately was heard on January 27, 2006, taken under submission, and the Court issued her ruling granting in part and denying in part on March 17, 2006.

The Court allowed Plaintiff to use the MDL document database in an effort to satisfy most if not all of the document production sought. To that end, the Court granted the motion as to items k., l. and m. set forth in Plaintiff's prayer for relief at pages 16 and 17 of the Joint Statement Re: Discovery Dispute and denied without prejudice all other requests with the following admonition:

2

  C. Should plaintiff determine that the MDL documents are not responsive to some of their discovery requests herein, she is to revise her motion to compel production after a renewed meet and confer with defendants;

  D. Should this order result in a perceived need to reopen discovery and/or evoke a similar request from defendants to reevaluate their use of MDL documents, all counsel are to meet and confer afer which either a joint telephonic or in-person discovery dispute conference shall be held with this court to work through the concerns/disputes.

  Thereafter, between June and early August, 2006, the parties were involved in private mediation.  On August 18, 2006, plaintiffs filed the herein motion to compel, alleging, in essence, that while the MDL document search was valuable and resulted in discovery of documents that are highly relevant to the prosecution of this case, it did not satisfy the search for "the raw adjustment and claims data and internal documents analyzing them" as was key to Plaintiff's original motion to compel filed on August 24, 2005.

  II. <u>Motion to Reopen Discovery, or Alternatively Renewed Motion to Compel Discovery</u>

  Plaintiff states she "believes the best course is to ask to reopen discovery to simply request records which Plaintiff knows Bridgestone/Firestone prepares and has prepared comparing the tire returns for adjustment and the claims for property damage and/or personal injury for the 'Common Green' tires of the Road King Sport SR." Should the Court not agree with this request, Plaintiff seeks an order that Defendant, Bridgestone/Firestone, produce the documents relating to the information sought in paragraphs a.

3

1 through m. from the original Joint Statement Re: Discovery Dispute,
2 filed 12/13/05.
3      Defendant, Bridgestone Firestone North American Tire,
4 LLC, opposes both reopening discovery as well as allowing the
5 renewal of the motion and prayers of the August, 2005, motion,
6 arguing that Plaintiff's counsel assured the Court that nearly all
7 of the information sought by Plaintiff's original motion to compel
8 existed in the MDL repository and that if allowed to review said
9 repository most if not all of Plaintiff's document discovery
10 disputes would be resolved.  Defendant opines that it was clear in
11 Defendant's argument to the Court in January that it did not
12 believe what Plaintiff was looking for would be found in the MDL
13 documents.
14    III. <u>Analysis</u>
15      The Court has reviewed the original motion argued on
16 January 27, 2006, including all pleadings, the Joint Statement, the
17 exhibits, and the transcript, and has carefully considered the
18 pleadings filed in conjunction with the herein motion, including
19 all exhibits and the transcript of said argument from October 6,
20 2006.
21      A.    <u>Common Green</u>
22      The Court agrees with Plaintiff that argument by
23 counsel in both motions detrimentally moved off course by focusing
24 on the term "Common Green" and what arguably it means or does not
25 mean when defining tires.  Acknowledging that Plaintiff herself
26 used the term in the body of her original discovery requests,
27 nonetheless she repeatedly has attempted to clarify her position by
28 concentrating on the substance of the document content rather than

4

relying on a definitive definition of common green.  Given permission to argue the definition by virtue of the use of the term in the requests themselves, Defendant has relied on the confusion and the differing opinions of the experts to stand firm on what they maintain has been and should be produced and what is beyond the scope of discovery because of their definition.

While it is true that a definition of common green may well need to be established for trial purposes, it is not so crucial at this discovery stage.  The Court finds no compelling evidence that common green tires are "tires that are produced to the same internal specifications but that have, or may have, different external characteristics and may be sold under different tire line names" **and** are manufactured at the same plant and are of one size.  See C.F.R. §579.4.  Regardless, this Court will spend no more time trying to determine the scope of discovery as turning on a phrase, a term, a definition used in Plaintiff's discovery requests but instead has focused on the logic and argument of what documents are or should be in existence and their discoverability for purposes of preparing for trial in this lawsuit.

B.  <u>Adjustment Data</u>

Plaintiff makes the following argument in her Reply:

> "[A]s part of the MDL litigation Firestone prepared charts comparing the recalled tires to a whole host of different tire lines regardless of plant, size or date of manufacture.... Firestone's obvious intent was to show that it monitored tires across tire lines and had no notice of any defect in the recalled tires because they compared favorably and in fact better than other tire lines.  One of the tire lines which fared worse than the recalled tires is the Firehawk SS10, a tire which Firestone admits is the common green tire to the Road King tire at issue here.  For that reason, Firestone is trying to hide and keep the data it already has

5

1
2
3
4

>           from production in [that] case.  In other words,
>           when it benefits Firestone in litigation, they say
>           all tires are unique and special.  When they
>           actually look for trends and potential defects in
>           the regular course of business, they look across
>           tire lines regardless of tire size."

See Plaintiff's Reply In Support of Motion, page 6, lines 11-21.

Further, Plaintiff points out that "*Firestone itself*, as part of its defense in the multi-district litigation, analyzed other tire lines without reference to tire size, plant or date of manufacture." (Emphasis in original.)  See Motion To Reopen, page 7, lines 9-10.  In fact, a review of Exhibits B-H attached to Plaintiff's Reply appear to support that argument. Too, Exhibits 9 and 10 attached to the Joint Statement Re: Discovery Disagreements help sustain that contention.

Lastly, and most importantly, what is at issue in this and all tire defect cases is not only the existence of a defective tire but also the manufacturer's knowledge.  To use Firestone's own words from its Reply to Plaintiff's Objection to Rule 13 MDL Motion To Transfer and Motion to Remand filed in the consolidation case of <u>Guadalupe Ramirez Duran, et al. v. Ford motor Company, Bridgestone Firestone North America Tire, LLC, et al.</u>, attached as Exhibit 8 to the Joint Statement, "The common thread is a tire failure leading to loss of control of the vehicle and injury."  To that end, and pursuant to F.R.C.P. 26(b)(1), it is the Court's obligation as gatekeeper to permit discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

        The Court believes that Plaintiff has done due diligence in seeking "e.  All adjustment data for Firestone tires which are common green with the Road King Tire Sport SR regardless of plant, size or date of manufacture, including the Firehawk SS10, Daytona Radial S/R, Widetrack Radial S/R, Seiberling Falcon Sport S/R, and Lemans S/R."  The Court believes this information is relevant, discoverable and potentially admissible at trial.

        C.   <u>Conclusion</u>

        The Court fails to see how the term "Green Family" is utilized in Firestone's own analysis of tires in Exhibit H attached to and as argued in Plaintiff's Reply hereto.  Inasmuch, however, as Plaintiff believes that by changing the term used, the dispute as to what common green is or is not is defused, the Court hereby ORDERS that Defendant, Bridgestone Firestone North American Tire, LLC, produce documents as requested in Plaintiff's Third Request For Production To Bridgestone/Firestone North American Tire, LLC **without regard to plant of manufacture and/or size of tire**.  The documents requested, including but not limited to those seeking adjustment data, shall relate to the accident tire, the Firehawk SS10, Daytona Radial S/R, Widetrack Radial S/R, Seiberling Falcon Sport S/R, and Lemans S/R.

IT IS SO ORDERED.

**Dated:   December 6, 2006**                **/s/ Sandra M. Snyder**
icido3                                UNITED STATES MAGISTRATE JUDGE