# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE CONTRERAS, et al., | 1:04cv5423 LJO SMS |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION TO STRIKE FORD EXPERT DONALD TANDY |
| v. | (Documents 100 and 106) |
| BRIDGESTONE/FIRESTONE, LLC, et al., | |
| Defendants. | |

Plaintiffs Maria Guadalupe Contreras, individually and as Guardian ad Litem for Yvonne Contreras and Alexander Contreras, minors, and as Successors in Interest of Artemio Contreras (collectively "Plaintiffs") filed the instant motion to strike Ford expert witness Donald Tandy on February 15, 2007. Plaintiffs filed an amended notice of motion on February 21, 2007. The motion was heard on March 23, 2007, before the Honorable Sandra M. Snyder, United States Magistrate Judge. Randolph Barnhart and Robert Williams appeared on behalf of Plaintiffs. Amy Leinen appeared on behalf of Ford Motor Company ("Ford"). Bridgestone/Firestone, LLC did not appear.

## BACKGROUND

Plaintiffs filed the instant tire defect case in the Tulare County Superior Court on January 16, 2004. The case was removed to this Court on March 15, 2004.

1    Plaintiffs filed their First Amended Complaint on December 22, 2004, naming
2 Bridgestone/Firestone North American Tire, LLC, Ford, and Sears, Roebuck and Co. as
3 Defendants. Sears, Roebuck and Co. is no longer in this action.

4    Plaintiffs seek recovery of monetary damages for the wrongful death of Artemio
5 Contreras and for their individual personal injuries sustained in a single motor vehicle accident
6 on June 30, 2003. The accident occurred when the after-market left rear tire on the family's 1995
7 Ford Explorer experienced a tread separation.

8    Plaintiffs originally filed the instant motion in September 2006, but the hearing was taken
9 off calendar due to the parties failure to follow Local Rule 37-251. Plaintiffs refiled the motion,
10 along with the parties' Joint Statement, on February 15, 2007. Plaintiffs seek to strike the
11 testimony of Donald Tandy, Ford's vehicle handling expert witness.

## DISCOVERY AT ISSUE

Donald Tandy is a former Ford engineer who routinely testifies for Ford. His deposition was originally scheduled for November 11, 2005, but has since been rescheduled at least three times. The Fifth Amended Notice included a Subpoena Duces Tecum requesting that Mr. Tandy produce 16 categories of information at his deposition.

The Fifth Amended Notice, served on August 24, 2006, noticed Mr. Tandy's deposition for September 15, 2006. On September 11, 2006, Ford served objections to categories 2-16.[1] The objections were identical, contending that the requests were "vague, ambiguous, overly broad, unduly burdensome and oppressive." Exhibit 7, attached to Joint Statement. Mr. Tandy was unable to attend the September 15, 2006, deposition because he was called to testify at another trial and a new deposition date has not been set.

On September 12, 2006, Plaintiffs' counsel responded to the objections, calling them the most "ridiculous pleading" seen in thirty years of practicing law. Exhibit 8, attached to Joint Statement. This set off a barrage of e-mails and letters, some of which were somewhat inflammatory. Plaintiffs requested that Ford specify which objections they were willing to

---

[1] Category 1 requests Mr. Tandy's professional resume. Plaintiffs added Categories 14-16 when they discovered that Mr. Tandy was involved in additional testing.

withdraw.  In a letter dated November 6, 2006, rather than withdraw its objections, Ford indicated what documents Mr. Tandy would produce in response to each request.  In subsequent letters, Ford explained that it would not waive its objections, but would produce all requested documents in Mr. Tandy's possession.  Exhibits 26 and 29, attached to Joint Statement.

## **DISCUSSION**

Based on the parties' Joint Statement, then, it appears that Plaintiffs are relying on a very literal interpretation of the objections despite Ford's explanations that they do, in fact, intend to produce responsive documents.  Plaintiffs maintain that Ford should have withdrawn its "sham pleading" and now seek to strike Mr. Tandy as an expert, arguing that Ford's objections were frivolous and filed in bad faith.

At the hearing, however, Plaintiffs painted a somewhat different picture.  They alleged that Mr. Tandy has a history of performing testing just prior to trial, leading to last minute depositions and eventual admission of the evidence.  Plaintiffs seek to prevent Mr. Tandy from attempting the same behavior in this case, and indicated that they did not know how else to accomplish this other than by bringing this motion.  When asked how the Court could anticipate such behavior, Plaintiffs requested that the Court strike the objections.

The Court certainly understands Plaintiffs' frustration with Ford's boilerplate objections. The Court also understands Plaintiffs' concern that the "caveat" set forth in Ford's explanation of the documents it will produce may allow Mr. Tandy and/or Ford to engage in the exact behavior they now seek to prevent.[2]  However, given Ford's history of submitting similar objections yet producing documents at the depositions of experts previously deposed in this case, without objection from Plaintiffs, the Court questions why Plaintiffs now raise an issue as to Mr. Tandy.

---

[2] In response to Categories 5-10, Ford states as follows:

Ford will produce documents, videotapes, etc. that are in his possession, "with the understanding and caveat that he also utilizes his education, training and prior experience which may include a particular document, test or other item that is not currently in his file or possession."

3

1    In any event, there is simply not enough evidence before the Court to justify striking his
2 testimony.  Plaintiffs' arguments are based on speculation and the Court cannot grant such an
3 extreme remedy without concrete evidence.  The parties should therefore proceed with Mr.
4 Tandy's deposition and raise any discovery dispute *after* the events upon which the dispute is
5 based have occurred.

6    Therefore, Plaintiffs' motion to strike is DENIED.  Both Plaintiffs' and Defendants'
7 request for sanctions are likewise DENIED.

8    As explained to the parties at the hearing, the Court expects the following:

9    1.   That the parties set a mutually agreeable date for the deposition of Mr. Tandy and
10        inform the Court of the selected date so that it can be available should a dispute
11        arise;
12   2.   That Ford produce the documents identified in its November 6, 2006, letter; and
13   3.   Should Mr. Tandy indicate that he is not in possession of responsive documents,
14        he should be prepared to provide information as to the documents' whereabouts.
15        As the Court explained at the hearing, it is simply insufficient to state that he is
16        not in possession of the documents and is unaware of their location.  The Court
17        also cautions Ford against having Mr. Tandy suddenly produce additional testing
18        on the eve of trial.

20   IT IS SO ORDERED.

21   **Dated:   March 27, 2007**            /s/ Sandra M. Snyder
     icido3                         UNITED STATES MAGISTRATE JUDGE