Robert Gray Williams, Esq., #068033
PEREZ, WILLIAMS & MEDINA
1432 Divisadero
Fresno, California 93721
Telephone: (559) 445-0123
Fax: (559) 445-1753

W. Randolph Barnhart, Colorado Registration No. 5186
Michael J. McNally, Colorado Registration No. 16107
BARNHART, EKKER & MCNALLY, LLP
7887 East Belleview Avenue, Suite 1200
Englewood, Colorado 80111-6027
Telephone: (303) 793-0700
Fax: (303) 793-1950

*ATTORNEYS FOR PLAINTIFFS MARIA GUADALUPE CONTRERAS, Individually and as Guardian ad Litem for YVONNE CONTRERAS and ALEXANDER CONTRERAS, Minors, and as Successors in Interest of ARTEMIO CONTRERAS*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA GUADALUPE CONTRERAS, Individually and as Guardian ad Litem for YVONNE CONTRERAS and ALEXANDER CONTRERAS, Minors, and as Successors in Interest of ARTEMIO CONTRERAS. | ) ) ) ) ) ) | CASE NO. 1:04-CV-5423 OWW SMS |
| Plaintiffs | ) ) | **ORDER RE: JUNE 3, 2008 STATUS CONFERENCE** |
| v. | ) ) | **CONCERNING PAYMENT OF SETTLEMENT AMOUNTS BY** |
| BRIDGESTONE/FIRESTONE, INC., FORD MOTOR COMPANY, SEARS, ROEBUCK and CO., and DOES 1 through 200, inclusive, | ) ) ) ) ) | **BRIDGESTONE/FIRESTONE, INC. AND ORDER SEALING THE RECORD THEREOF** |
| Defendants. | ) ) ) | |

This matter came before the Court pursuant to Defendant Bridgestone/Firestone Inc.'s request for Status Conference concerning payment of the agreed settlement amount by

1

1   Defendant Firestone.  The Court, having heard the arguments and statements of counsel and

2   having considered the facts and circumstances, finds, concludes and orders as follows:

3         The parties reached a settlement of this matter on March 13, 2008, and read it into the

4   record that same date.  The settlement required state court approval for the amounts to be paid

5   to the minor children.  Defendants agreed to fund the settlement within ten days of the approval

6   of the minors' settlement.

7         The minors' settlement was approved by the Tulare County Superior Court on May 2,

8   2008.

9         Defendant Ford Motor Company paid its agreed portion of the settlement amount on

10  May 9, 2008.  Plaintiffs' counsel notified defendants' counsel of the minors compromise

11  approvals on May 2, 2008.  Plaintiffs' annuity broker notified Bridgestone/Firestone's broker

12  of the amount of the minors' structured settlements on May 5, 2008.  Firestone issued its check

13  to the annuity insurer for the annuity premiums on May 13, 2008.

14        Bridgestone/Firestone's counsel asked for W-9 forms from plaintiffs' two law firms on

15  May 9, 2008.  The request was met on May 14, 2008.

16        Counsel for plaintiffs inquired about the payment of the remaining amount owed by

17  Bridgestone/Firestone on May 16 and again May 23, 2008.  Bridgestone/Firestone was non-

18  committal about when the payment would be delivered to plaintiffs' counsel and when the

19  funds would be cleared for payment.  Bridgestone/Firestone's counsel claims that he is in part

20  responsible for the delay and also says it was occasioned by a slow response to the W-9

21  information.  The Court has taken those arguments into consideration in reaching its decision in

22  this matter.

23

24

Based on the foregoing the Court concludes that Bridgestone/Firestone and its attorneys have had more than ample time to meet its obligations and fund the settlement which was announced in Court on March 13, 2008.[1]

The Court concludes that in light of all the foregoing circumstances that Bridgestone/Firestone should pay interest on the outstanding amounts owed from May 16, 2008 until the date the monies cleared for payment in the trust account of plaintiffs' counsel Perez, Williams and Medina.

Accordingly, the Court Orders as follows:

(1) That Bridgestone/Firestone shall pay interest at the Federal Post Judgment Rate on the remaining unpaid balance of the settlement from May 16, 2008 until the date the funds were cleared for payment in the Perez, Williams and Medina trust account. The amount of such interest shall be calculated by plaintiffs' counsel once it is known the date funds have cleared and submit this calculation promptly to counsel for Bridgestone/Firestone. If counsel for Bridgestone/Firestone disagrees with the calculation counsel shall meet and confer in order to attempt to reach agreement. If an agreement on the proper amount can not be reached counsel of either party may promptly apply to this Court for further Status Conference on this issue. The amount of interest owed shall be paid within fourteen (14) days of the date the calculation is submitted by plaintiffs' counsel unless otherwise ordered by this Court;

(2) Counsel for Bridgestone/Firestone is to promptly contact his client and determine when payment drafts would be delivered to plaintiff's counsel and is to notify no later than the close of business on June 6, 2008 of the status of payment.

(3) Subsequent to the hearing the parties have agreed as follows:

On June 5, 2008, Bridgestone/Firestone's counsel, Arnold Larson, Esq., notified plaintiff's counsel via e-mail that the settlement draft was to be issued that day and sent by FedEx for receipt on Friday, June 6, 2008. The Bridgestone/Firestone settlement

---

[1] Since the amount of the settlement was agreed to be confidential, the Court shall not recite the amounts remaining to be paid in this Order. That amount was stated by plaintiffs' counsel, Mr. Williams, during the hearing and no objection was heard from Firestone.

1  draft arrived via FedEx delivery on Saturday, June 7, 2008 at 11:10 a.m. The settlement draft was signed by plaintiff, Maria Contreras, on Monday, June 9, 2008 at 8:15 a.m. and was deposited that same day at 11:10 a.m. The settlement funds were immediately available upon deposit;

(4) The parties agree that the Federal Post-Judgment Interest Rate to be paid by Bridgestone/Firestone is the amount of $2,114.57 and is to be paid to plaintiff's counsel, Perez, Williams & Medina in trust for Maria Contreras on or before June 24, 2008; and

(5) Due to the agreed confidentiality of the settlement amounts, the transcript of the hearing of June 3, 2008 shall be sealed.

_____, 2008                                                     _____
                                                                                   United States District Court Judge

APPROVED AS TO FORM AND CONTENT.

                                                                        LARSON, GARRICK & LIGHTFOOT, LLP

Dated: June 12, 2008                                                            /s/Arnold D. Larson
                                                                                  ARNOLD D. LARSON,
                                                                           Attorney for Defendants, Bridgestone/
                                                                           Firestone North American Tire, LLC